```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

_____

FRANK ROY,

              Plaintiff,         Civil No. 14-6370 (NLH/KMW)

v.

                                        **OPINION**

EDWARD WINARSKI,

              Defendant.

_____

**APPEARANCES:**

FRANK ROY
998 W. LANDIS AVE, UNIT 121
VINELAND, NJ 08360
    Appearing *pro se*

PAUL H. SCULL, JR.
151 NORTH BROADWAY
PENNSVILLE, NJ 08070
    On behalf of defendant

**<u>HILLMAN</u>, District Judge**

    Presently before the Court is the motion of defendant to dismiss the claims asserted against him, or in the alternative, for summary judgment.  Also pending before the Court is the motion of plaintiff to dismiss defendant's motion.  For the reasons expressed below, defendant's motion will be granted and plaintiff's motion will be denied.

**BACKGROUND**

Plaintiff, Frank Roy, appearing *pro se*,[1] claims that defendant, Edward Winarski, discriminated against him when plaintiff rented a home owned by defendant. Plaintiff claims that defendant evicted plaintiff's girlfriend from the premises while plaintiff was in a psychiatric hospital, and took possession of numerous items belonging to plaintiff, including a customized limousine, 55 record albums, 3,700 video tapes, furniture, stereo equipment, a big screen television, gold Christmas ornaments, 42 pieces of ladies clothing, including a $85,000 Versace gown, and celebrity photographs, and sold them without plaintiff's permission. Plaintiff claims that defendant did not give plaintiff any of the money from the sale of his belongings. Plaintiff claims that defendant discriminated against him because of his disability, and violated the Civil

---

[1] The Court is well-acquainted with Mr. Roy. See 1:13-cv-04256-RMB-JS, ROY v. WALMART; 1:13-cv-05138-RMB-KMW, ROY v. HOMESITE INSURANCE CO.; 1:13-cv-05143-RMB-AMD, ROY v. TRAVELERS INSURANCE; 1:14-cv-02846-NLH-JS, ROY v. U-HAUL; 1:14-cv-02847-NLH-KMW, ROY v. RAMSEY MOVING SYSTEM; 1:14-cv-02848-NLH-KMW, ROY v. SEARS; 1:14-cv-03554-NLH-JS, ROY v. HOMESITE INSURANCE; 1:14-cv-04277-NLH-KMW, ROY v. PENN NATIONAL INSURANCE COMPANY; 1:14-cv-06369-NLH-KMW, ROY v. TRIDENT INSURANCE AGENCY; 1:14-cv-06370-NLH-KMW, ROY v. WINARSKI; 1:14-cv-07129-RBK-KMW, ROY v. NATIONWIDE; 1:15-cv-03330-JBS-AMD, ROY v. RAMSEY MOVING SYSTEM; 3:14-cv-02996-FLW-DEA, ROY v. BUMB; 3:14-cv-07131-FLW-TJB, ROY v. JUSTICE NOEL HILLMAN; 3:14-cv-07220-FLW-TJB, ROY v. HILLMAN; 3:15-cv-03338-PGS-LHG, ROY v. HILLMAN; 3:15-cv-03340-PGS-DEA, ROY v. WILLIAMS; 3:15-cv-03341-PGS-TJB, ROY v. KUGLER.

Rights Act of 1991.  Plaintiff has demanded $350,000 in damages.  The complaint does not contain any allegations concerning when defendant's alleged actions occurred.

Defendant has moved to dismiss plaintiff's claims against him for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  In the alternative, defendant has moved for summary judgment, arguing that plaintiff's claims are barred by the applicable statute of limitations.  (Docket No. 5.)  Plaintiff has filed an opposition to defendant's motion (Docket No. 7), and he has also filed a motion to dismiss defendant's motion (Docket No. 8).

## DISCUSSION

### A. Jurisdiction

Plaintiff does not specifically aver this Court's subject matter jurisdiction over his case, but the Court presumes it is predicated on 28 U.S.C. § 1331 because plaintiff claims that defendant violated his rights under a federal statute.

### B. Standard for Motion to Dismiss

In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R.

3

Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).  Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937).

"[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Finally, a court in reviewing a Rule 12(b)(6) motion must consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013).  A court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'"  Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

5

### C. Standard for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

### D. Analysis

*Pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant. Haines v. Kerner, 404 U.S. 519, 520 (1972), reh'g denied, 405 U.S. 948 (1972). Even though *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d

Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

Here, even accepting as true plaintiff's claims that defendant sold his belongings without his permission and retained all the proceeds from the sale, plaintiff's complaint is deficient because it fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff has failed to do both.

First, plaintiff does not identify the specific statute under which his claim is brought, other than stating he brings this action pursuant to the "statute of Civil Rights Act 1991 subchapter that specifies that it is against the law to intentionally discriminate against a disabled party." (Compl. 1.) It appears that plaintiff may be attempting to refer to 42 U.S.C. § 1981a, which is titled "Damages in cases of intentional discrimination in employment," and subsection (a)(2) of the statute provides for recovery in disability discrimination cases. See 42 U.S.C. § 1981a(a)(2). Section 1981a, however, does not provide an independent cause of action, and it instead sets forth the remedies available in certain actions, including some claims under the Americans with Disabilities Act. See Fatiregun v. City

7

of Philadelphia, No. Civ. A. 09-601, 2009 WL 3172766, at *6 (E.D. Pa. Oct. 2, 2009) ("Section 1981a does not, either expressly or impliedly, create an independent cause of action for employment discrimination plaintiffs."); Flax v. Delaware Div. of Family Servs., No. Civ. A. 03-922, 2008 WL 1758857, at *10 (D. Del. Apr. 16, 2008) (collecting cases and noting that the "great weight of authority holds that § 1981a does not create an independent cause of action."), aff'd, 329 F. App'x 360 (3d Cir. 2009). Plaintiff therefore cannot assert a claim under Section 1981a absent a primary claim under another substantive act.

Second, even if plaintiff properly cited to a discrimination statute that permitted the maintenance of a private cause of action, plaintiff's complaint is devoid of any allegations as to how defendant's unpermitted sale of his belongings was related to discrimination based on plaintiff's disability. Plaintiff repeatedly states "defendant discriminated and took control" of various items belonging to plaintiff, but plaintiff does not explain the nature of his disability and how defendant's alleged actions would have been different if plaintiff was not disabled. See Black's Law Dictionary (9th ed. 2009) (defining "discrimination" to mean: "Differential treatment; esp., a failure to treat all persons equally when no reasonable distinction can be found between those favored and those not favored"). Plaintiff has failed to provide enough factual matter

8

to suggest that defendant discriminated against him, which is required under Twombly/Iqbal in order to withstand a motion to dismiss.  See Phillips, 515 F.3d at 234.

   Because plaintiff has failed to state a valid claim under the parameters of Rule 8(a) and Twombly/Iqbal, his complaint must be dismissed.  The Court must still determine, however, whether plaintiff should be granted leave to file an amended complaint.  Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  In this case, it would be futile to permit plaintiff to file an amended complaint.

   In the alternative to his motion to dismiss, defendant has moved for summary judgment.  In support of his motion, defendant provides evidence that in September 2004, he sold the property plaintiff rented, and therefore plaintiff's claims must have accrued before that date.  Defendant points out, and the Court agrees, that the statute of limitation for any discrimination claim based on conduct that occurred prior to September 2004 – ten years before plaintiff filed his complaint – would bar plaintiff's claims.  See North Star Steel Co. v. Thomas, 515 U.S.

9

29, 34 n.1 (1995) (explaining that 28 U.S.C. § 1658 supplies a general, 4-year limitations period for any federal statute enacted after December 1, 1990 without one of its own, including claims under 42 U.S.C. § 1981).  Thus, even if the Court provided plaintiff with the opportunity to amend his complaint, his discrimination claims would nonetheless be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint must be dismissed, and plaintiff will not be granted leave to file an amended complaint under this civil action number.

An Order consistent with this Opinion will be entered.

              s/ Noel L. Hillman
              NOEL L. HILLMAN, U.S.D.J.

Date:  June 8, 2015

At Camden, New Jersey